KELLAMS et al. v. HELFENBEIN et al.

No. 33394. Feb. 7, 1950.

*214 P. 2d 894.*

Leslie Webb, of Tulsa, for plaintiffs in error.

J. B. Underwood, of Tulsa, for defendants in error.

ARNOLD, V.C.J. William Helfenbein and Anna Helfenbein, his wife, brought an action in conversion against H. D. Kellams, Donald Kellams and Henry Kruppe for the value of personal property. Judgment was for the plaintiff and defendants H. D. Kellams and Donald Kellums appeal, joining in the petition in error. Henry Kruppe was made a party because he purchased a plow, a part of the personal property allegedly converted, from H. D. Kellams. His liability is covered by a stipulation in the trial court and he does not appeal and the judgment has become final as to him. William Helfenbein died during the appeal and his administratrix was substituted as party plaintiff. The parties will be referred to as plaintiff, meaning William Helfenbein, and the Kellams will be referred to as defendants, or by name as their individual interest requires.

Plaintiff purchased a farm from H. D. Kellams. Subsequent to this transaction H. D. Kellams sold to plaintiff certain items of personal property which were located on the farm. Plaintiff testified that by oral negotiation he bought from H. D. Kellams all the personal property on the Kellams farm with the exception of an Oliver tractor, a hammermill and a combine, paying $4,300 therefor. His testimony further shows that the Kellams took from the farm and appropriated to their own use a part of the machinery which he had purchased, to wit: an Oliver plow, a harrow, a garden plow, a windrower, certain lumber, galvanized pipe and 200 steel fence posts. His testimony shows the value of the property taken.

The defendant's testimony tends to show that at the time of the transaction consummating the sale of the personal property involved in this action, H. D. Kellams delivered to plaintiff a bill of sale of specified personal property which did not include the items sued for and that this bill of sale listed all of the personal property sold to plaintiff. The Kellams do not deny that they got all of the above described property in dispute here and that H. D. Kellams is liable therefor if it was sold by Kellams to Helfenbein. The Kellams offered no testimony as to the value of the property in dispute.

Plaintiff testified that no bill of sale was ever delivered to him; that there was no bill of sale involved in the transaction; that the only bill of sale ever discussed by him and H. D. Kellams was one prepared by the latter in April following the sale in February, at which time Kellams told him that he had executed the bill of sale for certain personal reasons; and that plaintiff refused to accept or keep the purported bill of sale. Other witnesses corroborated the plaintiff in other details.

On this single issue the case was tried to a jury which rendered a verdict for the value of the property in the amount of $2,250. The court required a remittitur of $250 and entered judgment of $2,000.

Defendants first argue that the trial court erred in failing to submit the theory of the defendants in the case. Their theory is that they sold to the plaintiff only those items listed in the bill of sale which they say was delivered to and accepted by the plaintiff in consummation of the sale. H. D. and Donald Kellams filed a joint answer in which they alleged that none of the items listed in plaintiff's petition were sold by them, or either of them,

to the plaintiff, and they further allege therein that they sold certain items of farm machinery to plaintiff at an agreed price by a bill of sale delivered to William Helfenbein. The court instructed the jury:

"Instruction No. 1. This is an action in conversion, based, according to the plaintiff's petition, upon an oral purchase contract, with an answer by defendant alleging a written bill of sale, and you are instructed that if you find from a preponderance of the evidence that a written memoranda of this sale was executed by plaintiff and accepted by defendant, then you are instructed to consider that the oral agreements have been merged in this written bill of sale, but you are expressly instructed that the execution of the bill of sale by defendant is not binding upon the plaintiff until and unless it is accepted by the plaintiffs, and this constituted a question of fact to be determined by your body, and before you can consider the bill of sale as binding on the plaintiffs you must find from a preponderance of the evidence that it was accepted by the plaintiffs as final concerning the transactions covering the items set forth in the bill of sale."

By the foregoing instruction the court told the jury that the bill of sale in question would be binding on the plaintiff if it were delivered and accepted by the plaintiff in consummation of the sale of the personal property. If a sale of personal property is consummated on the basis of a bill of sale executed, delivered and accepted, it is binding. The testimony in this case as between plaintiff and defendants was in direct conflict on the issue. We think the instruction fairly submitted to the jury the question of the delivery and acceptance of a bill of sale by plaintiff. Since the defendants rely entirely upon the bill of sale as binding on the plaintiff, his theory of the case was fairly presented.

The only other proposition urged by the Kellams is that the court erred in giving instruction No. 7 to the jury to the effect that if Henry Kruppe bought a plow with the knowledge that plaintiff was asserting ownership thereof, then Henry Kruppe would be liable in conversion. Defendants argue that the instruction is erroneous for two reasons: First, because it does not advise the jury that Kruppe's liability would depend upon the ownership of plaintiff; second, because it does not limit the liability of Kruppe to the value of the plow converted. If it is so erroneous Kruppe alone could urge that error and he apparently, thinking himself protected by the stipulation as to his liability above referred to in this opinion, does not join in the petition in error and makes no appearance herein. This argument is without merit.

The other instructions which are asserted to be erroneous were not excepted to and for this reason we make no comment thereon.

Judgment affirmed.